IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA NEIL HARRELL,

       Plaintiff,                        No. 2:12-cv-1904 KJN P

    vs.

FAIRFIELD POLICE
DEPARTMENT, et al.,

       Defendants.

ORDER AND

FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a Solano County Jail inmate. On July 19, 2012, plaintiff filed a civil rights complaint alleging that upon his arrest, defendants "illegally and unlawfully seized [his] personal property." (Dkt. No. 1 at 3.)

        The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

1

1  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of
2  Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).
3        In the instant case, plaintiff has not alleged any facts which suggest that the
4  deprivation was authorized.  The California Legislature has provided a remedy for tort claims
5  against public officials in the California Government Code, §§ 900, et seq.  Because plaintiff has
6  not attempted to seek redress in the state system, he cannot sue in federal court on the claim that
7  the state deprived him of property without due process of the law.  Therefore, the court concludes
8  that plaintiff's complaint fails to state a claim under section 1983.  Barnett v. Centoni, 31 F.3d
9  813, 816 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's
10 property fails to state a claim under section 1983 if the state has an adequate post deprivation
11 remedy.").
12       In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the
13 Court is directed to assign a district judge to this case; and
14       IT IS HEREBY RECOMMENDED that this action be dismissed for failure to
15 state a claim.
16       These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
18 days after being served with these findings and recommendations, plaintiff may file written
19 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
20 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
21 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
22 F.2d 1153 (9th Cir. 1991).
23 DATED: July 25, 2012
24
25       KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE
26 harr1904.56