1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSHUA NEIL HARRELL,

11            Plaintiff,                    No. 2:12-cv-1904 KJN P

12        vs.

13
     FAIRFIELD POLICE
14   DEPARTMENT, et al.,

15            Defendants.              ORDER

16   _____/

17            Plaintiff is a former Solano County Jail inmate, presently held in the Metropolitan

18   State Hospital, and is proceeding without counsel.  On July 26, 2012, the court recommended

19   that plaintiff's complaint be dismissed based on plaintiff's failure to state a cognizable

20   Fourteenth Amendment claim, and directed the Clerk of Court to assign a district judge to this

21   case.  However, on August 6, 2012, plaintiff consented to proceed before the undersigned for all

22   purposes.  See 28 U.S.C. § 636(c).  Accordingly, the Clerk of Court is directed to remove the

23   district judge assignment to this case.

24            On August 12, 2012, plaintiff filed objections to this court's recommendation.

25   Plaintiff now avers that "the entire basis of the complaint" is that defendants violated plaintiff's

26   rights "under the Fourth Amendment."  (Dkt. No. 7 at 1.)  Plaintiff claims that his personal

1

property was illegally seized during his arrest.  Accordingly, the findings and recommendations are vacated, and the court will address plaintiff's request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

////

1  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

2  Cir. 1989); Franklin, 745 F.2d at 1227.

3        A complaint, or portion thereof, should only be dismissed for failure to state a

4  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

5  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

6  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

7  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8  complaint under this standard, the court must accept as true the allegations of the complaint in

9  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

10  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12        The Civil Rights Act under which this action was filed provides as follows:

13        Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the
14     deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at
15     law, suit in equity, or other proper proceeding for redress.

16  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

17  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

18  Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

19  § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

20  (no affirmative link between the incidents of police misconduct and the adoption of any plan or

21  policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

22  another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

23  affirmative act, participates in another's affirmative acts or omits to perform an act which he is

24  legally required to do that causes the deprivation of which complaint is made."  Johnson v.

25  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

26  ////

3

1   Moreover, supervisory personnel are generally not liable under § 1983 for the

2 actions of their employees under a theory of respondeat superior and, therefore, when a named

3 defendant holds a supervisorial position, the causal link between him and the claimed

4 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

5 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

6 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

7 there is no evidence of personal participation).  Vague and conclusory allegations concerning the

8 involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

9 of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

10 personal participation is insufficient).

11   Plaintiff names the Fairfield Police Department as a defendant.  However, the

12 Fairfield Police Department is not a proper defendant in a § 1983 action.  Although

13 municipalities, such as cities and counties, are amenable to suit under Monell v. Dept. of Social

14 Services, 436 U.S. 658 690-91 & n.54 (1978), sub-departments or bureaus of municipalities,

15 such as the Fairfield Police Department, are not generally considered "persons" within the

16 meaning of § 1983.  Hervey v. Estes, 65 F.3d 784, 791 (9th Cir. 1995); see also United States v.

17 Kama, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring); Pellum v. Fresno Police

18 Dept., 2010 WL 3516346, at * 2 (E.D. Cal., Sept. 2, 2010) (holding that Fresno Police

19 Department is not a proper defendant in a § 1983 action because it is a sub-division of the City of

20 Fresno).  Therefore, plaintiff's claims against the Fairfield Police Department should not be

21 renewed in any amended complaint.

22   Plaintiff also names as a defendant Detective Troy Oliver, who arrested plaintiff

23 on November 2, 2010.  (Dkt. No. 1 at 4.)  However, plaintiff alleges that the Fairfield Police

24 Department, not defendant Oliver, unlawfully and illegally seized plaintiff's personal property in

25 violation of the Fourth Amendment.  Plaintiff states that "they" never booked his personal

26 property as evidence in the evidence room.  (Id.)  Thus, it is unclear whether plaintiff alleges that

1  defendant Oliver failed to book plaintiff's property into the evidence room, and whether plaintiff

2  alleges that defendant Oliver violated plaintiff's constitutional rights in some other manner.

3  Plaintiff must include charging allegations as to each named defendant.

4        The court finds the allegations in plaintiff's complaint so vague and conclusory

5  that it is unable to determine whether the current action is frivolous or fails to state a claim for

6  relief.  The court has determined that the complaint does not contain a short and plain statement

7  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

8  policy, a complaint must give fair notice and state the elements of the claim plainly and

9  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

10  must allege with at least some degree of particularity overt acts which defendants engaged in that

11  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

12  Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will,

13  however, grant leave to file an amended complaint.

14        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

15  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

16  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

17  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

18  there is some affirmative link or connection between a defendant's actions and the claimed

19  deprivation.  Rizzo, 423 U.S. at 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

20  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

21  allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at

22  268.

23        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

24  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

25  complaint be complete in itself without reference to any prior pleading.  This requirement is

26  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently

alleged.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1.  The Clerk of the Court is directed to remove the district judge assignment in

light of plaintiff's consent; this case is now assigned to the undersigned;

        2.  The July 26, 2012 findings and recommendations (dkt. no. 5) are vacated;

        3.  Plaintiff's request for leave to proceed in forma pauperis is granted.

        4.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Mental Health filed concurrently herewith.

        5.  Plaintiff's complaint is dismissed;

        6.  Plaintiff is granted thirty days from the date of service of this order to file an

amended complaint that complies with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

an original and two copies of the amended complaint; failure to file an amended complaint in

accordance with this order will result in a recommendation that this action be dismissed; and

DATED:  October 17, 2012

_____

KENDALL J. NEWMAN

UNITED STATES MAGISTRATE JUDGE

harr1904.14

6